E. K. Laanui *v.* Emelia Puohu and George Carsley.

# SUPREME COURT—IN EQUITY.

## E. K. LAANUI *vs.* EMELIA PUOHU AND GEORGE CARSLEY.

By the common law of this Kingdom, prior to the law approved 4th August, 1851, guardians had, from time immemorial, possessed and exercised the absolute right to dispose of the real and personal estate of their wards.

As between the parties, acknowledgment and registry of a legal conveyance are not necessary.

An assignment of lands, belonging to the intestate, made by the guardian of the heir to the widow, which she accepted, together with some personal property in satisfaction for her claim of dower in the estate of her husband, forms a title in equity sufficient to repel the complainant's claim, and would authorize the Court to decree a conveyance of the legal estate from the heir, if it were in him.

Evidence to give a construction to an agreement inadmissible, it being clear and explicit in its terms and free from ambiguity.

ALLEN, C. J.

This is an appeal from a decision of the Chief Justice on a bill in Equity, in which the complainant sets forth that she is the daughter of one Laanui, a native chief of these Islands, deceased, leaving considerable property to which she and her brother Gideon are the only heirs. That Laanui died intestate, leaving a widow, Emelia Puohu, co-administratrix upon the estate. That Puohu procured a Royal Patent to be issued to G. Laanui, for her, Puohu, of a certain piece or parcel of land in Honolulu, a description of which is set forth in her bill. She further alleges that this lot of land of right belonged to the estate of said Laanui, and that Puohu had no other than her right of dower in the premises. That she procured the Royal Patent to be issued, in her favor, by false and fraudulent representations. That she would not be entitled to any part of the real estate in fee simple, and that said lot is more than one-third of the value of the real estate of the said Laanui. There were some other allegations in the original bill which are not relied upon, or attempted to be enforced on the appeal, so that the only question for our decision is the validity of the title of Puohu to the house lot specified.

It appears in evidence that Mr. John Ii was appointed guardian of the minor children on the 4th day of November, 1850, and that the amount of the inventory of the estate, as rendered by the administrators, who were Mr. John Ii and E. Puohu, was $3,083 23, on the 24th day of May, 1851. On the 26th day of May, 1851, property, including this lot of land in Honolulu, amounting in value to $1,118 11, was assigned to Puohu under the following agreement, viz :

" It is hereby agreed by and between Puohu, the widow of G. Laanui, deceased, and John Ii, the guardian of the children and heirs of the said G. Laanui, that the above named property belonged to the estate of the said Laanui, shall be and is hereby set apart to the said Puohu, and is hereby received by her in lieu and in full satisfaction of her right of dower in said estate.

" In witness whereof, we have hereunto set our hands and seals this 26th day of May, A. D. 1851.

(Signed,)                          " JOANE II,      [L. S.]
                                   " E. PUOHU.      [L. S.]

" Signed and sealed in my presence.

(Signed,)                          " W. L. LEE."

It further appeared in evidence that the accounts of the guardian and the administrators were finally settled and the several bonds cancelled, and parties discharged, and that a Royal Patent was issued of said lot of land in Honolulu to Puohu, on the 5th of August, 1856.

It was alleged, on the part of the complainant, that Puohu had obtained her title to the house lot surreptitiously.

By the common law of this Kingdom, prior to the enactment of a law regulating guardians and wards, approved 4th of August, 1851, guardians had from time immemorial possessed and exercised the absolute right to dispose of the real and personal estate of their wards as might suit their own will. It is very clear, then, that Mr. Ii, the guardian, had the legal right to dispose of the real estate of his wards. At the time the aforesaid agreement was made, it was a contingent interest, or claim to the lot in controversy, first to be awarded by the Land Commission, and then a commutation to be made in order to procure a Royal Patent, which Puohu accomplished and not

E. K. Laanui *v*. Emelia Puohu and George Carsley.

the heirs of Laanui. At most their interest was, by the Land Commission Award, but thirty years. In the schedule, to which was attached said agreement and in which were many articles of personal property, there was included "a house lot in Honolulu," valued at $100. And the language is "that the above named property, belonging to the estate of the said Laanui, shall be and hereby is set apart to the said Puohu, and is hereby received by her in lieu and in full satisfaction of her right of dower in said estate." As between the parties this is a legal assignment of the property. The guardian had a right to convey and the widow to receive the conveyance in the settlement. It is contended that this is not a legal convey-ance because it was not acknowledged before some judicial authority. As between the parties that is not necessary. Acknowledgment and registry only have efficiency in protect-ing innocent parties,—but grantors and their heirs cannot shield themselves, and convey a second time, because the first grantees have failed to have their conveyances recorded. It has been contended that evidence should be admitted to give a construction to the agreement, but the Court regard it as clear and explicit in its terms and free from ambiguity, and there-fore that the evidence was clearly inadmissible. The assign-ment in the present case is proved to have been signed, sealed and delivered in the presence of a witness, and placed among the papers of the estate in Court, and as between the present parties it can not be deemed void whatever might have been the case as to a subsequent purchaser without notice. But, supposing the assignment was not sufficient in point of law to convey the lands, it would form a title in Equity sufficient to repel the complainant's claim. It would authorize a Court to decree a conveyance of the legal estate from the heirs of Laanui, if the legal estate were in them. But it is said that the Privy Council must follow the award of the Land Commis-sion. Do they not do so in this case? They doubtless re-garded the agreement for the relinquishment of dower in the estate as at least an equitable assignment of the rights of the heirs to this lot of land, and therefore it was carrying out the purpose of the award to convey to the assigns of the original claimant. And the Royal Patent has placed the legal estate

E. K. Laanui v. Emelia Puohu and George Carsley.

in Puohu, but the complainant says that it was surreptitiously obtained.

The assignment bears date May 26, 1851. The claim of the Land Commission to Laanui January 3, 1854, and the Royal Patent August 5th, 1856, and it is in evidence that it was procured by Puohu, with the aid and sanction of Judge Lee, who wrote and witnessed the aforesaid agreement. There was no haste about the proceedings, and it is clear that the Royal Patent was issued in pursuance of the aforesaid assignment.

It was very evident that it was carefully considered, and so regarded by Judge Lee, from the evidence which the complainant has introduced, for it was in pursuance of this agreement, that Judge Lee himself aided in procuring the Royal Patent to be issued to Puohu by the King in Privy Council. It appears that he knew the whole transaction and recommended that the fee simple title should be issued to Puohu ; it was an agreement made by the guardian of the infant, and, in my view, under the circumstances of the case, constitutes an equitable bar.

We regard the offer, to pay one hundred dollars by Puohu to the complainant, not as an acknowledgment that her title was defective, but for the purpose of procuring an amicable settlement without further trouble. And the weight of testimony is that the proposition was satisfactory to all parties. The equity of the case is then on this ground in favor of the respondent.

Upon the whole view of the case our opinion is that the bill be dismissed with the costs of the appeal.

C. C. Harris and A. B. Bates for complainant.

J. D. Blair for defendant.